UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00127-FDW-DCK

| | | |
|---|---|---|
| CAROLINA MATERIAL HANDLING SERVICES, INC.; TOBUL ACCUMULATOR INCORPORATED; GULBRANDSEN CHEMICALS, INC.; GULBRANDSEN PUERTO RICO, INC.; GULBRANDSEN TECHNOLOGIES INC.; and GULBRANDSENS LLC | ) ) ) ) ) ) ) | |
| | ) | ORDER |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| EMPLOYEE-SERVICES.NET, INC.; EEPAYROLL SERVICES, LLC; EMPLOYEE-EPS, LLC ; NLSTAZ-EPS, LLC ; TMSTAZ-EPS, LLC; | ) ) ) ) ) | |

WPTASONEPS, LLC; WILLIAM J. STAZ; )
JAMES W. STAZ; TIMOTHY J. STAZ; )
NANCYL. STAZ; WENDY P. STAZ and )
TINASTAZ, )
                                    )
        Defendants.                 )
                                    )
_____ )

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On

November 4, 2014, Plaintiffs submitted notice to this Court (Doc. No. 76) of an order entered in

the United States Bankruptcy Court for the Western District of North Carolina on November 3,

2014 (Doc. No. 76-1) resulting in an automatic stay of proceedings against Defendants in the

instant case. In addition to the automatic stays under 11 U.S.C. § 362(a) resulting from the

bankruptcy proceedings, the Court notes that two Defendants in the instant case were recently

indicted by the grand jury for violations of federal law. See United States v. James William Staz

and William James Staz, 3:14-cr-199-FDW (W.D.N.C.).

> "[T]he power to stay proceedings is incidental to the power inherent in every
> court to control the disposition of the causes on its docket with economy of time
> and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S.
> 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "Because of the frequency with
> which civil and regulatory laws overlap with criminal laws, American
> jurisprudence contemplates the possibility of simultaneous or virtually
> simultaneous parallel proceedings and the Constitution does not mandate the stay
> of civil proceedings in the face of criminal proceedings." Ashworth v. Albers
> Med., Inc., 229 F.R.D. 527, 530 (S.D.W.Va.2005). Stays generally are not granted
> before an indictment has issued. . . .

Maryland v. Universal Elections, Inc., 729 F.3d 370, 379-80 (4th Cir. 2013); see also United

States v. Any and All Assets of That Certain Business Known as Shane Co., 147 F.R.D. 99, 101

(M.D.N.C. 1993)) ("[t]he public has an interest in law enforcement which may, under proper

circumstances, be given priority over concurrent civil proceedings."); cf. United States v.

Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977) (noting that a motion to stay

proceedings is committed to the sound discretion of the court).  In <u>SEC v. Dresser</u>, the Circuit

Court for the District of Columbia stated that:

> Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

628 F.2d 1368, 1375 (D.C.Cir.1980).

The Court has reviewed the criminal indictment and the civil complaints in the case at bar

and finds that the cases are related and substantially similar so that the same evidentiary material

likely will be involved and that the government's case may be compromised.  Accordingly,

pursuant to the law set forth herein, the Court finds that, in its discretion, a stay pending

resolution of the criminal matter is also warranted.

IT IS THEREFORE ORDERED that the Court hereby STAYS this matter pursuant to 11

U.S.C. § 362(a) until further notice from this Court or the Bankruptcy Court.  It is further

ordered that this matter is also stayed pending a plea or jury verdict in the criminal matter 3:14-

cr-199-FDW.  The Court hereby directs ALL parties to file a **joint status report** as to the status

of the bankruptcy and criminal proceedings within ninety (90) days from the date of this Order

and every ninety (90) days thereafter so as to keep this Court apprised of the status of the

bankruptcy case, as well as to reflect the status of the criminal case on this civil docket.

IT IS SO ORDERED.

Signed: January 15, 2015

Frank D. Whitney
Chief United States District Judge