UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00127-FDW-DCK

| | |
|---|---|
| CAROLINA MATERIAL HANDLING SERVICES, INC.; TOBUL ACCUMULATOR INCORPORATED; GULBRANDSEN CHEMICALS, INC.; GULBRANDSEN PUERTO RICO, INC.; GULBRANDSEN TECHNOLOGIES INC.; and GULBRANDSENS LLC,<br><br>   Plaintiffs,<br><br>vs.<br><br>EMPLOYEE-SERVICES.NET, INC.; EEPAYROLL SERVICES, LLC; EMPLOYEE-EPS, LLC ; NLSTAZ-EPS, LLC ; TMSTAZ-EPS, LLC; WPTASONEPS, LLC; WILLIAM J. STAZ; JAMES W. STAZ; TIMOTHY J. STAZ; NANCY L. STAZ; WENDY P. STAZ and TINA STAZ,<br><br>   Defendants. | ORDER |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On November 4, 2014, Plaintiffs submitted notice to this Court (Doc. No. 76) of an order entered in the United States Bankruptcy Court for the Western District of North Carolina on November 3, 2014 (Doc. No. 76-1) resulting in an automatic stay of proceedings against Defendants in the instant case. In addition to the automatic stays under 11 U.S.C. § 362(a) resulting from the bankruptcy proceedings, the Court notes that two individual Defendants in the instant case were indicted by the grand jury for violations of federal law. See United States v. James William Staz and William James Staz, 3:14-cr-199-FDW (W.D.N.C.).

1

Consequently, the Court stayed this matter pursuant to 11 U.S.C. § 362(a) until further notice from this Court or the Bankruptcy Court. (Doc. No. 77). In that order, the Court hereby directed ALL parties to file a **joint status report** as to the status of the bankruptcy and criminal proceedings every ninety (90) days thereafter so as to keep this Court apprised of the status of the bankruptcy case, as well as to reflect the status of the criminal case on this civil docket. The parties have not filed a status report since April 11, 2016 (Doc. No. 83).

"[A] district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute[.] . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Furthermore, "[A]side from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Erline Co., 440 F.3d at 654.

IT IS THEREFORE ORDERED that the parties file a joint status report within fourteen (14) days from the date of this Order. Failure to comply with this directive and/or failure to timely file subsequent joint status reports in accordance with the Court's prior order (Doc. No. 77) will result in the dismissal of this matter without prejudice.

IT IS SO ORDERED.

Signed: January 31, 2017

Frank D. Whitney
Chief United States District Judge